Mike Anthony BELUSKO, Jr. and Anna Catherine Belusko, Plaintiffs-Appellees,

v.

PHILLIPS PETROLEUM CO., a Corporation, and Phillips Pipe Line Co., a Corporation, Defendants-Appellants.

No. 13673.

United States Court of Appeals Seventh Circuit.

Oct. 10, 1962.

Rehearing Denied Nov. 16, 1962.

---

Jerome A. Frazel, Jr., Chicago, Ill., James Mullen, Bartlesville, Okl., Joseph H. Hinshaw, John M. Moelmann, Hinshaw, Culbertson, Moelmann & Hoban, Chicago, Ill., for Phillips Pipe Line Co.

George K. Blanchard, Springfield, Ill., for appellees.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiffs in this suit sought an injunction requiring defendants to remove a pipe line from their property and for an accounting for damages, because of a continuing trespass of the pipe line on their land.

The District Court enjoined defendant, Phillips Pipe Line Co., from maintaining a second pipe line across plaintiffs' premises, and ordered that said second pipe line which had been laid should be removed.

On January 23, 1939, Elizabeth Mehlberg, a widow, who was the owner of certain property in Montgomery County, Illinois, executed and delivered to Illana Company an instrument entitled "Right of Way Contract" which was recorded in the office of the Clerk and Recorder for Montgomery County. Between February and October 1939, Illana Company laid and constructed an 8 inch pipe line, 72.9 rods in length, across the Mehlberg property. The $50 mentioned in the contract was paid to Mrs. Mehlberg by the Illana Company at the time of the execution and delivery of the contract, and later she was paid an additional $22.90 compensation, and also the sum of $25.94 for pipe line damages.

On November 30, 1939, the Right of Way Contract and the 8 inch pipe line were assigned by Illana Company to Phillips Petroleum Company, who later assigned its rights in the contract and pipe line to defendant, Phillips Pipe Line Co. On October 14, 1941, plaintiffs became the owners in fee simple of the above-described lands, subject only to the "Right of Way Contract."

During September 1951, Phillips Pipe Line Co., over the objection of plaintiffs, laid and constructed within eight feet of the first pipe line, a 10 inch pipe line 73.1 rods in length across the lands owned by plaintiffs. Phillips Pipe Line Co. made a tender of $73.10 as consideration for the additional pipe line, and also made an offer to plaintiffs in settlement of the construction damages, all of which plaintiffs refused to accept.

The "Right of Way Contract" provides as follows:

"For and in Consideration of the sum of Fifty & No/100 Dollars ($50.00) in hand paid, the receipt of which is hereby acknowledged, Elizabeth Mehlberg, a widow hereinafter referred to as Grantor (whether one or more), does hereby grant unto Illana Company, a Delaware corporation, hereinafter referred to as Grantee, its successors and assigns, the right to lay, maintain, inspect, alter, repair, operate, replace, remove and relay a pipe line, or pipe lines, for the transportation of oil and gas and products and by-products thereof, water and other substances, and such drips, valves, fittings, meters and other equipment and appurtenances as may be necessary or convenient for such operations under across the following described land in Montgomery County, State of Illinois, to-wit:

"The West half of the Southeast Quarter of Section 22, Township 8

North, Range 5 West of the Third Principal Meridian.

"Together with the rights of ingress and egress to and from said line or lines, or any of them, for the purpose aforesaid, Grantor hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State. Grantor to have the right to fully use and enjoy the above described premises, except as to the rights hereinbefore granted; and Grantee hereby agrees to pay any damages which may arise to crops, fences or buildings of said Grantor from the exercise of the rights herein granted.

"Pipe line to be at least 40' from running water spring.

"Should more than one pipe line be laid under this grant, at any time, an additional consideration, calculated on the same basis per lineal rod as the consideration hereinabove recited, shall be paid for each line so laid after the first line.

"Grantee shall bury pipe lines below plow depth, in presently cultivated fields.

"To Have and to Hold said easement, rights, and rights of way unto the said Grantee, its successors and assigns until said easement be exercised, and so long thereafter as the same shall be useful for the above named purposes.

"It is understood that the person securing this grant is without authority from Grantee to make any agreement in respect of the subject matter hereof not herein expressed.

"This agreement is binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

"Executed this 23rd day of Jany. 1939."

The District Court pointed out that no consideration "per lineal rod" of pipe, and no standard by which such consideration is to be determined, is recited in any part of the instrument. The District Court stated: " * * * [N]o case is found in which a court, under the guise of construction, has decreed the element of consideration where the instrument in question provided no standard for that determination."

The District Court concluded that the Right of Way Contract is too indefinite and uncertain to authorize the claimed right to lay a second pipe line, and that Phillips acted at its peril when it entered plaintiffs' land for that purpose despite plaintiffs' protests.

Judgment for plaintiffs was entered for an injunction in accordance with the prayer of the complaint, but jurisdiction was retained to determine the amount of damages. Requisite findings were made under 28 U.S.C. § 1292(b) so that an immediate appeal might be taken.

We agree with the learned District Judge that the critical issue in this case is whether the language of the Right of Way Contract is sufficiently certain so that the intentions of the parties may be determined.

We hold the Right of Way Contract is too indefinite and uncertain to authorize the claimed right of defendant to lay a second pipe line some twelve years after the original pipe line was constructed.

A pertinent case that is persuasive in its reasoning is Winslow v. City of Vallejo, 148 Cal. 723, 84 P. 191, 5 L.R.A., N.S., 851. There, the question was whether, after the installation of a single water main, the City of Vallejo, by virtue of a grant to it of a right of way for "any water pipes or mains which may be laid by the city," had the right to lay an additional main. Holding that the city had no such right, the Court said at page 192 of 84 P.: " * * * [W]e see nothing in the language of this grant, or in the conditions existing when it was executed, to indicate that it was intended to give the defendant the right to increase from time to time the number of pipes laid. The appellant's plea for such construction is based largely on the fact that the conveyance throughout uses the words 'pipes' and 'mains' in the plural

number, and that, therefore, the parties could not have intended to limit the city to a single pipe. But, while the city might, at the outset, have laid more than one pipe, the most that can be said regarding this language is that the grant is indefinite as to the number of pipes."

· The interlocutory judgment in favor of plaintiffs is

Affirmed.