William J. KLEINHEIDER et
al., Appellants,

v.

PHILLIPS PIPE LINE COMPANY, a
corporation, Appellee.

No. 75–1206.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1975.

Decided Dec. 22, 1975.

Rehearing Denied Jan. 29, 1976.

Joseph M. Ladd, Washington, Mo., for appellants.

Albert H. Hamel, Clayton, Mo., for appellee.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

HEANEY, Circuit Judge.

The appellants, present owners of fifteen separate parcels of land in Franklin County, Missouri, appeal from an order of the United States District Court for the Eastern District of Missouri holding that the appellee, Phillips Pipe Line Company, could install a third pipeline through and under the appellants' property. The District Court had jurisdiction over the cause by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332. Its opinion is reported at 391 F.Supp. 159 (1975). We affirm.

Phillips is a common carrier in the interstate transportation of petroleum

products by subsurface pipelines. In 1930, the appellants' predecessors in title and Phillips entered into easement agreements granting the latter the right to install pipelines through and under the land in question. The instruments, which are substantially identical to each other, were denominated "Right-of-Way Contract" and provide:

FOR AND IN CONSIDERATION of the sum of _____ Dollars ($___), in hand paid, the receipt of which is hereby acknowledged, * * * does hereby grant unto PHILLIPS PIPE LINE COMPANY, * * * Grantee, its successors and assigns, the right to lay, maintain, inspect, alter, repair, operate, remove and relay a pipe line, or pipe lines, for the transportation of oil and gas and products and by-products thereof, water and other substances, and such drips, valves, fittings, meters and other equipment and appurtenances as may be necessary or convenient for such operations, and to erect, maintain, inspect, repair, operate and remove, upon a single line of poles, with necessary anchorage and appurtenances, telephone, telegraph or electrical lines, or any of them, over, through, upon, under and across the following described land in Franklin County, State of Missouri, to-wit:

[land described]

It is expressly agreed that any poles set for above purposes shall be placed along property or fence lines inside the line.

Together with the rights of ingress and egress to and from said line or lines, or any of them, for the purpose aforesaid. Grantor to have the right to fully use and enjoy the above described premises, except as to the rights hereinbefore granted; and Grantee hereby agrees to pay any damages which may arise to crops, pasturage, timber, fences or buildings of said Grantor from the exercise of the rights herein granted, said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by Grantor, one by Grantee, and the third by the two so appointed, and their written determination of amount to be final and conclusive.

Should more than one pipe line be laid under this grant, at any time, an additional consideration equal to the consideration hereinabove recited, shall be paid for each line so laid after the first line.

Grantee shall bury pipe lines below plow depth.

TO HAVE AND TO HOLD said easement, rights, and rights of way unto the said PHILLIPS PIPE LINE COMPANY, its successors and assigns until said easement be exercised, and so long as any structure installed hereunder is used or remains thereon.

*    *    *    *    *    *

This agreement is binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

Executed this ___ day of ___ 19 30 .[1]

Pursuant to these contracts, an eight-inch pipeline was installed during 1930 and 1931, and a second pipeline, ten inches in diameter, was installed in 1952. The second pipeline was laid parallel to and eight feet from the original pipeline. The appellee's right to continue to operate and maintain these pipelines pursuant to the contract terms is not challenged. The appellants' challenge is directed at Phillips' right to maintain and operate a third pipeline under the contract installed in 1972 and 1973. It was laid twelve feet from the original pipeline and on the side opposite the pipeline

---

1. During 1931, all of the "Right-of-Way Contracts" were filed for record in the office of the Recorder of Deeds of Franklin County, Missouri, and the appellants acquired their interests in the various properties subsequent to their recording.

installed in 1952.[2] It also is ten inches in diameter.

## I.

The appellants first argue that the contracts granting the easements are uncertain and indefinite as to their terms. They seek a judicial construction declaring either that the contracts grant to Phillips no enforceable rights as to the 1973 pipeline or that the contracts intend a reasonable limitation on Phillips' right to install additional pipelines, a limitation that would limit Phillips to the one additional pipeline installed in 1952.

## A.

Each easement contract recited a sum certain, ranging from thirty-five dollars ($35.00) to one hundred and twelve dollars ($112.00), as consideration for the right to install the original pipeline. Upon the installation of additional pipelines, future consideration was required. The contract states:

[A]n additional consideration equal to the consideration hereinabove recited, shall be paid for each line so laid after the first line.

The appellants argue that this language renders the contracts uncertain as to consideration and unenforceable. The argument, however, looks beyond the four corners of the contract. *See Strauch v. Coastal States Crude Gathering Co.,* 424 S.W.2d 677 (Tex.Civ.App. 1968) (contract similar to those at issue here found to be sufficiently definite and certain). It is based upon the uncertainties that arise upon the partition of the original parcels of land subject to the easement contracts. The appellants argue that the contracts do not provide for this contingency and give no direction as to which new landowner shall receive the additional consideration or the amount thereof.

This contingency has occurred in but one instance. The property subject to

right-of-way contract No. 1–108–26 is now owned by appellants Vandelicht and Roetheli. The contract provides for consideration in the sum of forty dollars ($40.00). In fulfillment of its obligations thereunder, Phillips has tendered to both Vandelicht and Roetheli the full amount required.

■ It must be conceded that payment of the recited consideration to both landowners is not specifically required by the contract terms. Also, it is the law of Missouri that a contract is not enforceable unless the measure of damages resulting from a breach can be determined therefrom. *Burger v. City of Springfield,* 323 S.W.2d 777, 783 (Mo. 1959). But a contract, not certain, which is capable of being made certain by the ascertainment of the parties' intent and the application of the canons of construction will be enforced. *O'Connor v. Great Lakes Pipe Line Co.,* 63 F.2d 523, 525 (8th Cir. 1933); *Babler v. Shell Pipe Line Corporation,* 34 F.Supp. 10, 12 (E.D.Mo. 1940); *Burger v. City of Springfield, supra* at 783.

■ It is clear that the easement contracts were intended to have a perpetual life, unaffected by the subdivision and sale of the property affected into separate smaller parcels. As stated by the Supreme Court of Missouri:

If a written instrument, on its face, expresses a contractual obligation, one of the parties should not be permitted to avoid it on the grounds that it was never intended as such unless the evidence to such effect is cogent and convincing.

*Berry v. Crouse,* 376 S.W.2d 107, 113 (Mo.1964) (citation omitted).

Thus, to hold contract No. 1–108–26 unenforceable because the land described therein is now owned by two landowners would be contrary to the parties' intent.

■ But to give effect to the contract, and to make certain by judicial construc-

---

**2.** The pipelines, thus, run along a line twenty feet in width. This general line varies only with respect to the property owned by appel-
lant Rohlfings wherein the line is eighty-five feet in width at its widest point.

tion that which is now uncertain, requires sufficient indicia of the parties' intention. It is axiomatic that a court cannot create a contract for the parties when one does not otherwise exist. The appellants argue that result must obtain here. They rely on *Belusko v. Phillips Petroleum Co.,* 308 F.2d 832 (7th Cir. 1962), *cert. denied,* 372 U.S. 930, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963).

The contract in *Belusko* provided:

"Should more than one pipe line be laid under this grant, at any time, an additional consideration, calculated on the same basis per lineal rod as the consideration hereinabove recited, shall be paid for each line so laid after the first line."

*Id.* at 834.

The court affirmed the holding below that the contract was indefinite and unenforceable because it neither stated the amount "per lineal rod" to be paid, nor provided a standard by which that amount could be determined. That is not the situation here. Contract No. 1–108–26 states that the additional consideration shall be equal to the sum certain recited, forty dollars ($40.00). The question presented here is whether one or both landowners are entitled to the stated consideration for the 1973 pipeline, and the extent of that entitlement.

■ Because the contract as written by Phillips spoke to the future, and because it was foreseeable by the parties that the property described could be later held by more than one owner, we believe the parties intended that consideration equal to the sum certain recited would be paid to each landowner. This

is the construction placed upon the contract by Phillips when it tendered to Vandelicht and Roetheli forty dollars ($40.00) for the installation of the 1973 pipeline. *See McDonnell v. Sheets,* 234 Ia. 1148, 15 N.W.2d 252, 255 (1944).

■ The appellants also argue that the consideration under the easement contracts is indefinite and uncertain because the amount of damages incurred in the installation of the pipeline cannot be determined until after the fact. This contention is without merit.

The damage there provided to be paid is not for or because of the granting or the existence of the easement or the *right* to go upon the land and lay, maintain, operate, re-lay and remove pipe lines, but for and because of the *laying* of each line of pipe.

*Fulkerson v. Great Lakes Pipe Line Co.,* 335 Mo. 1058, 75 S.W.2d 844, 846 (1934) (emphasis included).[3]

### B.

The appellants argue alternatively that even if the easement contracts are certain and enforceable, they should be construed to limit Phillips' right to additional pipelines to the one installed in 1952. The contracts, of course, do not so specifically provide. They grant to Phillips the right to install additional pipelines without limitation as to number.

Every easement carries with it the right to do whatever is reasonably necessary for the full enjoyment of the easement itself. The extent to which such incidental rights may be exercised depends upon the object and pur-

3. Other arguments asserted by the appellants in support of their contention that the easement contracts are indefinite and unenforceable are equally without merit. They complain that the property owned by appellant Kassebaum is subject to the two easement contracts each stating consideration of $46.50. We fail to see, however, how this affects the certainty of the contractual terms. It appears that two easement contracts were executed because the grantor of the first did not own the total fee interest. Whether Phillips is obligated to pay the stated consideration twice, once under each contract, is a matter that affects the performance of the contract: an issue not before us. Likewise, whether Phillips has tendered the correct consideration under the other contracts is an issue affecting performance and not certainty. Further, the fact that Phillips executed additional easement contracts with some of the appellants or their predecessors in title in order to install and maintain a valve site and cathodic units is irrelevant to the certainty of the consideration.

pose of the grant and whether such rights are limited by the terms of the grant creating the easement.

*Knox v. Pioneer Natural Gas Company,* 321 S.W.2d 596, 601 (Tex.Civ.App.1959). Or as stated by one scholar:

It is often said that the parties are to be assumed to have had in contemplation such a scope for the created easement as would reasonably serve the purposes of the grant.

3 Powell on Real Property, § 415 at 508.

■■ This record shows that the 1973 pipeline was necessary to the accomplishment of Phillips' business needs. Moreover, there is nothing in this record to show that the exercise of Phillips' rights under the contracts in installing that pipeline was unreasonable or unduly burdensome to the rights of the appellants to the use of their property.[4] The pipelines are subsurface and combined consume a width of only twenty feet.[5] The installation of this third pipeline was reasonably contemplated by the contracting parties and was a proper exercise of the rights granted by the easement contract. *See Babler v. Shell Pipe Line Corporation, supra* at 13.

## II.

■ The appellants next contend that the easement contracts must be set aside as constructively fraudulent or unconscionable. They focus upon the disparity between the rights granted to Phillips and the consideration received by them in light of the appreciation in the value of their property and the disparate bargaining power of the parties. Indeed, they complain of the fact that they did not partake in the negotiations resulting in the easement contracts.

The appellants took their land with notice of the easement contracts, and there is no evidence to even suggest that the contracts, entered into between the original parties, are not the result of free bargaining. We find *Brazeal v. Bokelman,* 270 F.2d 943 (8th Cir. 1959), a diversity case arising from Missouri, on point. There, the Court said:

This is a typical case of "hindsight" proving more valuable than "foresight." In 1946, when the instant instrument was executed, the defendants were possessed of sufficient business acumen to have accumulated the leased premises and to have operated a business thereon, and it may reasonably be assumed that they then felt that the lease in its entirety represented a sound business transaction from their standpoint. And we dare say that if property values in the area of the disputed premises had not greatly appreciated in value, the defendants' attitude in 1956 would have remained unchanged, they would still have viewed the lease in general and the option provision in particular as the product of good business judgment on their part. Certainly courts will not lend themselves to striking down a contract, otherwise valid, simply because the vicissitudes of time proved it to be a "bad" bargain for one of the parties.

*Id.* at 948–949.

The same can be said for the appellants here, and we will not set aside the easement contracts because, through the appreciation in the value of land, they have become a bad bargain.

---

**4.** The appellants fear an unlimited right in Phillips to install as many pipelines as it desires anywhere on their property. At oral argument, the following colloquy occurred:

THE COURT: And do you contend that you have an absolute right to run these pipelines anywhere on the property that you see fit?
PHILLIPS' COUNSEL: No sir, we don't.
Counsel also recognized, in accordance with the prevailing law, that the original pipeline set the course of its petroleum transmission system. *See Hamilton v. Transcontinental Gas Pipe Line Corp.,* 236 Miss. 429, 110 So.2d 612, 613 (1959); *Texas Eastern Transmission Corporation v. Carman,* 314 S.W.2d 684, 687 (Ky. 1958). Nothing we state in this opinion is to be construed as holding that Phillips is entitled to install additional pipelines.

**5.** *See* n. 2, *supra.*

## III.

The appellants next contend that Phillips cannot claim any rights under the easement contracts relative to the 1973 pipeline because the consideration tendered by the appellee was conditioned, contrary to the terms of the contracts, upon a waiver of their rights to arbitrate the amount of installation damages. They invoke the rule of law that one who fails to tender performance in accordance with the contractual requirements cannot rely upon the rights thereby granted. *See Moran v. Thurman-Davis Grain Co.,* 226 S.W. 84, 88 (Mo.App. 1920); *Danciger Bros. v. American Express Co.,* 172 Mo.App. 391, 158 S.W. 466, 468–469 (1913). Because the determination of the issue turns upon the contractual terms, we set out the applicable provision:

> said damages, *if not mutually agreed upon,* to be ascertained and determined by three disinterested persons, one thereof to be appointed by Grantor, one by Grantee, and the third by the two so appointed, and their written determination of amount to be final and conclusive. (Emphasis added.)

We note that the provision is not technically an agreement to arbitrate, but is an agreement to appraisement. *See Dworkin v. Caledonian Ins. Co.,* 285 Mo. 342, 226 S.W. 846, 848–849 (1920).

Phillips' initial tender provided for a lump-sum payment that included both the considerations required under the contracts and satisfaction for any resulting damages. The dollar amount allocated to each was separately identified. This, the appellants contend, coupled with the release provision discharging Phillips of all liability, placed them in an impossible position. Acceptance of the required consideration also discharged any claims to damages greater than that offered by Phillips.

■ We do not agree with the plaintiffs' characterization of the transaction. The easement contracts provide for the appraisement of any resulting damage only when the parties cannot mutually agree thereon. The tendered damage payment, reflecting Phillips' estimate of the amount likely due, was thus consistent with the contractual terms. It is not improper in the tender of performance to impose a condition warranted by the contract terms. *See Moran v. Thurman-Davis Grain Co., supra* at 88. If the appellants disagree with the estimate of damages made by Phillips, they are free to return the tendered payment and seek an amount mutually acceptable or request the appointment of appraisers.

■ Moreover, the appellants' contention, if accepted, cannot result in the relief requested.

> However, our Supreme Court [of Missouri] has held repeatedly that, * * * in an *equitable action* seeking cancellation of a conveyance for grantee's failure to fulfill the promise in consideration of which the conveyance was executed and delivered, the operative effect of the conveyance cannot be defeated and the instrument may not be avoided or set aside in the absence of some additional ground recognized as justifying equitable relief.

*Shelton v. M&A Electric Power Cooperative,* 451 S.W.2d 375, 380 (Mo.App.1970) (emphasis included) (footnote omitted). *Accord, Radford v. Radford,* 388 S.W.2d 33, 39–40 (Mo.1965).

No such additional ground has been proved here.

## IV.

■ The appellants also argue that Phillips' rights under the easement contracts as to the additional pipeline are void as violative of the rule against perpetuities. "The rule is concerned with the *time* within which *title must vest,* not with a mere postponement of enjoyment or possession." *St. Louis Union Trust Co. v. Kelley,* 355 Mo. 924, 199 S.W.2d 344, 350 (1947) (emphasis included) (footnote omitted). The appellants' argument is without merit.

It is \* \* \* maintained the agreement in controversy violates the rule against perpetuities. \* \* \* It is apparent \* \* \* that the rule is not involved with the possession and enjoyment of an interest but with its vesting. As has been shown, the instrument with which we are concerned grants present rights and subjects the land described therein to an immediate servitude. It is true that the owner of the easement is not limited as to the time in which it may make full use of its rights. This, however, does not mean that its rights have not vested. Many types of easements which are granted in perpetuity are not exercised immediately, or within any limited time; yet it has never been suggested that the non-use of the rights granted, either in whole or in part, affects their validity. \* \* \* Nor does the circumstance that a payment is to be made when the easement is used prevent it from being a present right. \* \* \*

*Sorrell v. Tennessee Gas Transmission Company,* 314 S.W.2d 193, 196 (Ky.1958) (citations omitted). *See Strauch v. Coastal States Crude Gathering Co., supra* at 680; Restatement of the Law of Property § 399, Comment c.

### V.

 The appellants' contention that the right of Phillips to install the additional pipeline constitutes an unreasonable restraint on alienation is also without merit. The appellants complain not about a restriction on their ability to sell their property but about the price they will receive because it is subject to the easement.

### VI.

 Finally, the appellants argue the District Court erred in holding the cause barred by the ten-year statute of limitations applicable to an action for the recovery of land. V.A.M.S. § 516.010. We agree. The limitations period did not begin to run in 1930 when the easement contracts were executed for

with respect to proceedings for a declaratory judgment \* \* \* the statute of limitations does not begin to run until an actual controversy has occurred.

*Keiser v. Wiedmer,* 283 S.W.2d 914, 918 (Mo.App.1955) (citations omitted). The controversy here did not arise until 1972. Accordingly, the cause is not time barred.

The easement contracts being valid and enforceable, the appellants' cause was properly dismissed. The judgment of the District Court is affirmed, except insofar as it holds the appellants' cause barred by the statute of limitations. As to that, the judgment is reversed. Costs are taxed to the appellants.