CAFFREY FARMS, INC., John Ashland, Eva Ashland, Gary Peters, Karen Peters, et al., Appellants,

v.

WILLIAMS PIPE LINE COMPANY, Appellee.

No. 83–2458.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1984.

Decided July 30, 1984.

Patrick M. Roby, Glenn L. Johnson, Virginia Cobb, Cedar Rapids, Iowa, for appellants, Caffrey Farms, et al.

Eugene Davis, Paul E. Horvath, Des Moines, Iowa, Claire Eagan Barrett, Tulsa, Okl., for appellee, Williams Pipe Line Co.

Before McMILLIAN, Circuit Judge, FAIRCHILD,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

Owners of land subject to easements owned by Williams Pipe Line Co. appeal from a final judgment entered in the District Court[1] for the Northern District of Iowa denying them relief in their action for declaratory judgment seeking reformation of the compensation terms of the easement

---

\* The Honorable Thomas E. Fairchild, United States Senior Circuit Judge for the Seventh Circuit, sitting by special designation.

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

agreements. For reversal appellants argue that the district court erred in (1) holding that the agreements were not subject to reformation and (2) holding that Williams Pipe Line Co.'s offer of compensation at a rate higher than that specified in the easement agreements did not rescind the compensation terms of the agreements. For the reasons discussed below, we affirm the judgment of the district court.

Williams Pipe Line Co. (Williams), a Delaware corporation with its principal place of business in Tulsa, Oklahoma, is a common carrier of petroleum and petroleum products by pipeline. Commencing in 1930, and on occasions thereafter, Williams' predecessor in interest obtained written easement agreements for the installation of pipelines across farmland in Iowa. The agreements provided for compensation to the landowners in substantially identical terms as follows:

> All damages to crops, surfaces, fences, and premises for and because of the laying of each line of pipe and each telegraph and telephone line shall be paid for as soon as said line or lines are completed. In addition to this there shall be paid on the laying of the first line of pipe an additional compensation at the rate of fifty cents per rod [2] for each rod or fraction thereof of land on these premises, across which said line is laid. Additional lines shall be laid for a consideration the same as for the first.[3]

Pursuant to these easement agreements, pipelines were constructed in 1930, 1937, 1949–50 and 1968 for which the affected landowners accepted compensation at the rate set out in their agreements, as amended or negotiated. In 1980 Williams installed a fifth pipeline for which it offered to compensate the affected landowners at a higher than contract rate—$7.50 per rod for land north of Des Moines and $6.00 per rod for land south of Des Moines. Approx-

imately 85% of the landowners accepted this offer. The remainder instituted the present action for a declaratory judgment that they were entitled to fair and reasonable compensation based on 1980 land values and for reformation of the written easement agreements to reflect such fair and reasonable compensation.[4]

At trial the parties stipulated to the total number of rods for which each appellant was entitled to per rod compensation for the 1980 pipeline installation. Williams claimed that each plaintiff was only entitled to the per rod compensation specified in the appropriate easement agreement, which in most cases was $0.50 per rod.

Following a bench trial, the district court found that Williams made the $7.50/$6.00 per rod offer in an effort to expedite construction, minimize landowner resistance and improve public relations, while reserving its claim that contractually it was only bound to compensate landowners at the rate set out in their easement agreements. The district court concluded that appellants failed to prove that the easement agreements did not express the real agreement between the parties, that the agreements were unconscionable or that Williams rescinded its rights under the agreements. The district court entered judgment in favor of Williams and this appeal followed.

■ In *Montgomery Properties Corp. v. Economy Forms Corp.*, 305 N.W.2d 470, 474 (Iowa 1981), the Supreme Court of Iowa stated the general rule of reformation of contracts as follows:

> [a] writing will be reformed only if the party seeking reformation clearly and convincingly establishes that it does not express the true agreement of the parties because of fraud or duress, mutual mistake of fact, mistake of law, or mistake of one party and fraud or inequitable conduct on the part of the other.

---

**2.** A rod is a linear measure equal to 5½ yards or 16½ feet.

**3.** A number of the easements involved in this case contained language that differed slightly and insignificantly from this form language; several were subsequently amended to provide

for further compensation at the rate of $1.00 per rod for each additional pipeline laid.

**4.** Evidence introduced at trial indicated that land values rose in Iowa from an average of $75.00 per acre in 1930 to an average of $2,000.00 per acre in 1980.

**1368**

*See also Kufer v. Carson*, 230 N.W.2d 500, 503 (Iowa 1975). Thus, if the nature and contents of the instrument are fully comprehended by both parties at the time of its execution, it will not be reformed for the purpose of relieving one party against a hard bargain.

None of the recognized grounds for reformation applies in this case. While the agreed upon per rod compensation is low in light of current economic trends, there is nothing in the record to indicate that the agreements entered into between the original parties were not the result of free and fair bargaining or that any of the landowners affected by the 1980 installation took their land without notice of the easements. *Cf. Kleinheider v. Phillips Pipe Line Co.*, 528 F.2d 837 (8th Cir.1975) (applying Missouri law) (action by landowners challenging validity of easements similar to the ones involved in the present case, raising argument of unconscionability); *Northwest Pipeline Corp. v. Forrest Weaver Farm, Inc.*, 646 P.2d 422 (Idaho 1982) (same).

Williams' offer to compensate appellants at a higher-than-contract per rod rate did not work to rescind or modify the written agreements. *Schumacher v. McDonald*, 320 N.W.2d 640, 643 (Iowa App. 1982), states: "rescission requires clear and convincing proof of intent to repudiate the contract." The district court found no such intent, a finding clearly supported by the evidence.

Nor did Williams' offer modify the compensation terms of the agreements. In order to modify a contract, the new agreement must have all the requisites of a valid and enforceable agreement, or it will not be binding. Mere negotiations for a variance in the terms of the contract do not constitute a modification. *Hueston v. Pointer Brewing Co.*, 222 Iowa 630, 269 N.W. 754, 756 (1936). One party to a contract cannot alter its terms without the assent of the other; the minds of the parties must meet as to the proposed modification. *Id.* Appellants' rejection of the $7.50/$6.00 per rod offer precludes a conclusion that the offer modified the easement agreements.

Accordingly, we affirm the judgment of the district court.