Nancy Ann BRANT, Individually; Nancy Ann Brant, as Administrator of the Estate of James Edward Brant, Plaintiffs–Appellants,

v.

GEICO GENERAL INSURANCE COMPANY, Defendant–Appellee.

No. 92–3846.

United States Court of Appeals, Eighth Circuit.

Submitted June 18, 1993.

Decided Aug. 27, 1993.

Randy V. Hefner, Adel, IA, argued, for plaintiffs-appellants.

Gregory M. Lederer, Cedar Rapids, IA, argued, for defendant-appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Nancy Ann Brant appeals from the district court's[1] entry of summary judgment on her claims against Geico General Insurance Company based on Geico's alleged failure to advise about and provide adequate underinsured motorist insurance coverage. We affirm.

This action revolves around a letter sent by Geico in 1988 to James Brant soliciting the purchase of automobile insurance. After receiving the letter, James Brant spoke with a Geico employee, and ultimately bought an insurance policy from Geico with uninsured and underinsured motorists limits of $20,000 per person and $40,000 per occurrence. (Before that, Brant had a policy with another company which had limits of $300,000.). After the Brants were in a car accident and James Brant died, Nancy Brant filed suit against Geico, claiming that Geico was liable under contract and tort theories for failing to advise about or provide adequate insurance coverage. Brant claims that she relied on several statements in Geico's solicitation letter as establishing an agreement that Geico would provide "expert" advice about insurance coverage, and that Geico failed to do so.

Brant contends that the district court erred in entering summary judgment against her on her contract claims. Brant does not challenge the contract terms, but argues that the Geico promotional materials created a duty to provide advice as to adequate insurance coverage. In this diversity case, we review the district court's determinations of state law de novo, giving the determinations no deference. *Salve Regina College v. Russell,* 499 U.S. 225, 238–39, 111 S.Ct. 1217, 1225, 113 L.Ed.2d 190 (1991).

In entering summary judgment, the district court reasoned that Brant did not pay for advice, and thus Geico had no duty to advise the Brants about an appropriate level of insurance beyond that required in Iowa. *Brant v. Geico Gen'l Ins. Co.,* No. 4–90–70563, slip op. at 5 n. 2, 1992 WL 527226 (S.D.Iowa Sept. 10, 1992). Under Iowa law, the duty to provide advice about insurance coverage exists only when the insurance counselor holds himself out as an insurance specialist and receives compensation, apart from the insurance premiums, for consultation and advice. *Sandbulte v. Farm Bureau Mut. Ins. Co.,* 343 N.W.2d 457, 464 (Iowa 1984).

In reviewing the district court's order, we consider the record in the light most favorable to Brant, and affirm the grant of summary judgment only if there is no issue of material fact and Geico is entitled to judgment as a matter of law. Brant concedes that she and her husband did not pay for advice. Thus, Geico owed no duty to the Brants, and the district court did not err in ordering summary judgment on Brant's contract and negligent misrepresentation claims.[2]

Brant also argues that she is entitled to reformation of the insurance contract. A

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

2. In addition, we have reviewed the statements Brant identifies as negligent misrepresentations. Contrary to Brant's argument, the letter does not state that Geico promised to provide "expert insurance counseling services." Rather, the letter touted the availability of "expert telephone service counselors," and advised that counselors "can help you determine which coverages ... you need." The insurance limits provided complied with Iowa law, and it is doubtful whether Geico's representations could be construed as false.

party seeking reformation of a contract has the burden of proving by clear and convincing evidence "that the contract does not reflect the true intent of the parties, either because of fraud or duress, mutual mistake of fact, mistake of law, or mistake of one party and fraud or inequitable conduct on the part of the other." *Wellman Sav. Bank v. Adams,* 454 N.W.2d 852, 855 (Iowa 1990).

■ Brant contends that she is entitled to reformation of the insurance contract because her husband was led to believe that Geico was providing substantially the same coverage as that which he previously owned. Brant again points to statements in the promotional materials and Geico's comparison chart to support her argument that a reasonable person would believe that they were buying the same coverage. The language relied on, however, does not state that Geico would provide the same coverage, it simply invites comparison. Geico offered the coverage required by Iowa law, and there is no evidence of mistake or fraud. "[I]f the nature and contents of the instrument are fully comprehended by both parties at the time of its execution, it will not be reformed for the purpose of relieving one party against a hard bargain." *Caffrey Farms, Inc. v. Williams Pipe Line Co.,* 739 F.2d 1366, 1368 (8th Cir.1984). James Brant's notes and the documents received from Geico reveal that he was buying uninsured and underinsured motorist coverage with $20,000 and $40,000 limits. For these same reasons, the doctrine of reasonable expectations does not apply to Brant's situation. *See Lepic v. Iowa Mut. Ins. Co.,* 402 N.W.2d 758, 761 (Iowa 1987) (reasonable expectation doctrine does not apply when the limitation provisions are clear).

We affirm the district court's entry of summary judgment.