NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE IVAN LEDEZMA-GUDINO, | No.   20-72641 |
| Petitioner, | |
| v. | Agency No. A205-710-354 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2022[**]
Pasadena, California

Before:  LEE and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

Rene Ivan Ledezma Gudino (Ledezma), a native and citizen of Mexico, seeks

review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

from an immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture (CAT).[1] Before the IJ, Ledezma sought relief based on the abuse he suffered at the hands of his father and his fear of cartels. But in his petition to this court, he brings a new argument: he claims he was persecuted on account of his membership in the particular social group of "Mexican minor children who cannot protect themselves." We dismiss the petition in part and deny in part.

1. As an initial matter, we do not have jurisdiction to review Ledezma's new argument that he is eligible for protection as a member of a particularized social group (PSG) of "Mexican minor children who cannot protect themselves." This court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). As a result, "[a] petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (citation omitted).

In the proceedings below, Ledezma argued that he was a victim of domestic violence. Before this court, Ledezma argues for the first time that he is eligible for protection as a member of the PSG of "Mexican minor children who cannot protect

---

[1] Ledezma is not appealing the denial of cancellation of removal.

themselves." Because Ledezma did not exhaust this new argument in the administrative proceedings and none of the recognized exceptions to exhaustion apply,[2] we lack jurisdiction to review it.

2. We have jurisdiction over Ledezma's exhausted claims under 8 U.S.C. § 1252 and review the BIA's order for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

First, substantial evidence supports the IJ's finding that Ledezma's past harm lacked a nexus to a protected ground. In addition to not articulating a recognized protected ground in his application or his testimony,[3] he testified that he did not know why his father was abusing him. In the absence of any apparent nexus to a protected ground, the IJ reasonably concluded that Ledezma suffered from a private criminal act of violence not protected under the INA. *See Gormley v. Ashcroft*, 364

---

[2] The failure to exhaust may be excused if the claim is (1) based on a constitutional challenge to the Immigration and Nationality Act, *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994), or (2) "where the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse would be futile and is not required," *Sokha Sun v. Ashcroft*, 370 F.3d 932, 943 (9th Cir. 2004) (citations omitted).

[3] Although Ledezma checked the box for "membership in a particular social group," neither in his application nor in front of the IJ did Ledezma articulate the social group he belonged to. In a PSG claim, the asylum seeker's burden includes "(1) demonstrating the existence of a cognizable particular social group, (2) his membership in that particular social group, and (3) a risk of persecution on account of his membership in the specified particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016). Ledezma did not meet any of those elements in the administrative proceedings.

F.3d 1172, 1177 (9th Cir. 2004).

Second, substantial evidence supports the IJ's finding that Ledezma's fear of future harm is speculative. He stated that he does not know where his father is, that he has not had contact with his father since he left Mexico, and that he was not sure if anyone in his family had contact with the father since they left Mexico. The IJ reasonably concluded that Ledezma's fear of his father was speculative. Ledezma does not cite any evidence in the record that contradicts the IJ's conclusion, let alone compels a contrary one, and instead relies on the presumption of future harm from his past persecution. But because he has failed to establish past persecution based on a protected ground, this presumption cannot be invoked. Thus, substantial evidence supports the IJ's conclusion that Ledezma failed to establish a well-founded fear of future persecution. And because he has failed to demonstrate eligibility for asylum, he necessarily failed to meet the more exacting hurdle for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We thus deny the petition as to the asylum and withholding claims.

Third, substantial evidence supports the denial of the CAT claim. For the same reasons that Ledezma's fear of his father was too speculative to establish a well-founded fear of persecution, it is too speculative to establish a likelihood of torture. As to his fear of cartels, Ledezma testified that he did not know why the cartels would be interested in him or want to hurt him, only that he heard stories of cartels

4

hurting people. The IJ thus properly concluded that any risk of torture was too general and not sufficiently particularized to Ledezma. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (general evidence of violence in Mexico not sufficiently particularized). In sum, the record evidence does not compel a reversal of the IJ's conclusion that Ledezma's fear of torture was speculative. We thus deny the petition as to the CAT claim. *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (denying petition for review of a CAT claim based on speculative fear of torture).

**DISMISSED IN PART; DENIED IN PART.**