[No. 514.   Decided April 30, 1892.]

THEODORE W. McCONNELL AND J. W. THARINGTON, *Respondents*, v. D. KAUFMAN, *Appellant*.

NOTICE OF APPEAL—SUFFICIENCY.

The omission of the words "to the supreme court" in a notice of appeal from the superior court otherwise sufficient in form, does not render the notice void, as there is no other court to which appeals can be taken from the superior courts, and respondents must necessarily know that the appeal is taken to the supreme court.

*Appeal from Superior Court, King County.*

Motion by appellant to amend his notice of appeal.

*P. P. Carroll* and *T. R. Shepard,* for appellant.

*Thompson, Edsen & Humphries,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This matter comes up on the motion of the appellant, the defendant below, for the purpose of amending his notice of appeal by adding thereto the words "to the supreme court." A written notice was served upon the respondents, which, after being entitled and addressed to the respondents and their attorneys, reads as follows: "Take notice that D. Kaufman, the defendant in the above entitled action, hereby appeals from the final judgment of the superior court of King county in said action rendered and entered in said action on December 12, 1891," which notice was signed by the attorneys for the appellant, and service thereof was duly admitted by the attorneys for the respondents. The respondents, having made a special appearance in this court, seek to obtain a dismissal of the appeal on the ground of the insufficiency of the notice; appellant seeks to amend as aforesaid.

The respondents claim that this court has no jurisdiction

to grant a motion to amend a notice of appeal, and that the statute (§ 1418, Code Proc.) authorizing the same is void; that either there is a notice which is sufficient in itself, or so defective as not to amount to any notice, and if so, that no appeal has been taken, and, consequently, that the court has nothing upon which to act. There seems to be a good ground for this contention. The statute has provided the time within which notice of appeals must be given, and we have held this to be jurisdictional, and that no notice can be given after this time has expired. Under our practice the only purpose which a notice of appeal can serve is to apprise the respondents that an appeal has been taken. It no longer contains any assignment of errors, and in no manner apprises the respondents of questions that are to be raised; consequently, any notice given to the respondents within the time specified in the statute, which fairly apprises them that an appeal has been taken to this court, if given in either one of the ways pointed out by statute, is sufficient, and needs no amendment. Upon the other hand, if a notice is so defective that by no fair intendment it can be held to have conveyed any information to the respondents that an appeal is taken, it seems to us there would be nothing upon which the court could act.

We are of the opinion that the notice in this action is sufficient. There is no other court than this to which an appeal can be taken from a superior court, and when the respondents, the plaintiffs below, were notified by the defendant that he had appealed the action, they also knew to what court such appeal must of necessity have been taken— to the supreme court of the state, and a description of the court in the notice would be superfluous. If anything more were needed, it appears that subsequent to the giving of the notice a bond was filed containing a recital that the defendant in the court below had taken an appeal to the supreme court of the state; also a notice was given for the purpose

of settling the statement of facts, and this notice recited that "whereas, the defendant having taken an appeal from the judment rendered in said case from the superior court to the supreme court of the state," etc. In these ways the plaintiffs did have notice to what court the appeal was taken, if any designation of the court was necessary.

Without passing upon the question as to whether there could be a purported notice of appeal given which of itself would be insufficient to apprise the party that an appeal had been taken to this court, and which would be sufficient to warrant this court in granting an amendment of the same, to supply the deficiency, we deny the motion made here upon the ground that the notice which was given in this case was sufficient.

ANDERS, C. J., and HOYT, DUNBAR, and STILES, JJ., concur.