[No. 634.  Decided November 3, 1892.]

HENRY McCUE, *Appellant*, v. BELLINGHAM BAY WATER COMPANY, *Respondent*.

STATE LANDS — LAKE BED BELOW HIGH WATER MARK — EASEMENTS — RIGHT-OF-WAY — LOCATION — NON-USER — INJUNCTION.

Land lying below the line of ordinary high water mark in fresh water lakes belongs to the state.

The grant to a water company of a fifty-foot right-of-way through a certain tract of land becomes fixed and certain when the company makes its selection under the deed and goes upon the land and clears and prepares its right-of-way; and injunction will not lie to prevent the construction of a pipe line thereon, unless the right-of-way has been actually abandoned, as mere non-user will not defeat the right to occupy and use it for the purpose expressed in the grant, when no time for use and occupation is prescribed.

*Appeal from Superior Court, Whatcom County.*

*Bruce, Brown & Rayburn*, for appellant.

*Dorr, Hadley & Hadley*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—On April 3, 1889, appellant and wife, by a deed duly executed and acknowledged, ''granted,

bargained, sold, conveyed and confirmed'' to the respond-
ent ''the right-of-way fifty (50) feet wide, through, upon,
over and across lot five (5), in section twenty-seven (27),
township thirty-eight (38) north, range three (3) east,
Willamette base and meridian, in said Whatcom county,
with the exclusive right to dig ditches, lay pipes, build
flumes, bore tunnels and construct conduits to convey
water, within the said strip of land, and to maintain and
use the same, with the right to take water from Lake
Whatcom to the full capacity of any and all of the said
conduits, together with the tenements,'' etc.

The respondent, by its agent and general manager, soon
after the execution of said deed, and with the knowledge
and acquiescence of appellant, selected a strip fifty feet wide
across said land, entered upon, surveyed and took posses-
sion of the same, cleared it, and made a road upon it, pre-
paratory to laying a pipe line thereon for the purpose of
conveying water from Lake Whatcom, a large, navigable
body of fresh water, to the cities of Whatcom and Sehome,
on Bellingham Bay. It seems to have been the intention of
the respondent, or rather of its engineer and manager, to
drive a tunnel through a large portion of the right-of-way
selected across said lot five, in which to lay a water pipe,
and accordingly men were employed through the winter of
1889–90, to sink pits or ''shafts'' on the selected route for
the purpose of ascertaining the character of the soil so that it
might be determined whether a tunnel would be practicable
and economical, or whether an open cut would have to be
made. We are unable from the testimony to clearly de-
termine just when this work was completed. Neither can
we tell with certainty whether anything was done on the
right-of-way by respondent thereafter, prior to the spring
or summer of 1891. But during the latter year, about the
month of August, the respondent resumed active opera-
tions upon the said right-of-way with a view to an early

completion of what it styles its "permanent pipe line" to Lake Whatcom.  After the work had progressed to a considerable extent, appellant brought this action to enjoin its further prosecution, on the ground that he was the owner of said lot five, that the respondent was occupying the same and excavating, or threatening to excavate, a large and deep ditch therein which would be prejudicial to his use and enjoyment of his said land, that the same was done without his leave or license, and that the respondent had selected, located and used another and different right-of-way across said lot five, and had abandoned the line in question.

The appellant bases his right to an injunction upon the fact that in the fall of the year 1889, and, according to his own testimony, before the respondent had ceased to perform the preparatory work above mentioned, the latter, in order to obtain an early supply of water for the cities of Whatcom and Sehome, laid a pipe in front of said lot five, along the margin of Lake Whatcom, which it used for a time but abandoned more than a year before this action was instituted.  The contention of appellant is that the pipe so laid was over and across his land, and was, therefore, the only route to which the respondent can lay any claim whatever under the right-of-way deed.  On the other hand, the respondent insists that that line was, and was intended to be, but temporary, that the line first selected — the one now in dispute — was never abandoned, and that the abandoned "temporary line" was not upon the land of appellant, but was below ordinary high water mark on Lake Whatcom, and, therefore, upon the land of the state, and that even if it had been a permanent, instead of a temporary location, it would not have defeated the right of respondent to occupy and use the fifty feet strip of land in controversy for the purpose of constructing its water pipe line thereon.

From all of the testimony, which is too voluminous to be stated in detail, we are of the opinion that this abandoned line was not upon the land of appellant, but was considerably below the ordinary high water mark on the lake, and upon land belonging to the state, in which the appellant had no proprietary interest. Const. of Washington, art. 17, § 1; *Eisenbeis v. Hatfield*, 2 Wash. 236 (26 Pac. Rep. 539); *Harbor Line Com'rs v. State*, 2 Wash. 530 (27 Pac. Rep. 550); Mills on Eminent Domain, § 82.

But it also appears from the testimony that while laying its line in the lake in front of appellant's land, the respondent committed acts of trespass which it was wholly unwarranted in doing, such as cutting timber, and digging up the soil, and making a road within the boundary of appellant's premises without his consent, and against his objections. For these acts he would have been entitled to redress if he had applied to a court of competent jurisdiction. Having made its selection under its deed, respondent was bound thereby, and had no right to go elsewhere and do any act upon appellant's land not authorized by him. When it went upon the land described in the deed, and cleared and prepared its right-of-way, its grant became fixed and certain, and it thereafter had no interest or right whatever in any other part of the premises. The deed prescribed no time within which the water company should select its right-of-way, or complete the construction of its pipe line thereon, and therefore no mere non-user of the right-of-way selected and located, for any length of time short of the period prescribed by the statute of limitations, would defeat the right of the respondent to occupy and use it for the purpose expressed in the grant. *Barlow v. Chicago, etc.*, *R. R. Co.*, 29 Iowa, 276; *Bannon v. Angier*, 2 Allen, 128; Washburn on Easements and Servitudes (4th ed.), 265. In the absence of a satisfactory showing that the respondent ever actually and intentionally abandoned the strip of

land involved in this controversy, we think it is entitled to
occupy and use it for the purpose of a right-of-way, and it
therefore follows that the injunction was properly denied.
Of course the respondent must confine its occupancy to the
identical location selected.    It is entitled to the use of that,
and nothing more.

We have not overlooked the motions of the respective
parties for judgment on the pleadings, but deem a discus-
sion of the questions thus raised unnecessary.    All of the
testimony in the cause being before us we prefer to base
our decision upon the merits, rather than upon mere tech-
nical objections to the pleadings, the decision of which
would subserve no useful purpose.

The judgment is affirmed.

HOYT and SCOTT, JJ., concur.

STILES, J., concurs in the result.

DUNBAR, J.—I dissent to the majority opinion, and will
hereafter express my views at length.