[No. 5499. Decided February 25, 1905.]

## EDWARD VAN DE VANTER, *Respondent,* v. P. J. FLAHERTY *et al., Appellants.*[1]

APPEAL—NOTICE—SUFFICIENCY. A notice of appeal from a judgment of the superior court, omitting the words, "to the supreme court" is sufficient since there is no other court to which the appeal could be taken.

HIGHWAYS—RIGHT OF WAY BY PRESCRIPTION—ADJOINING OWNERS—EVIDENCE—SUFFICIENCY. Where it appears that the owners of landlocked premises used a roadway across the lands of an adjoining owner and expended money in keeping it in repair, continually for nearly twenty years without hindrance from any person, a finding of a right of way by prescription is sustained, and will not be disturbed because of a conflict in the testimony as to the particular roadway actually traveled.

SAME—DEFENSES—CONVEYANCE WITHOUT RESERVING RIGHT. It is no defense to an action to establish a right of way by prescription across the lands of an adjoining owner, that the plaintiff formerly owned the lands subject to the use and mortgaged the same without reserving any right of way, defendants claiming through such mortgage, where, at the time of making the mortgage, the right of way existed in favor of other parties as appurtenant to the lands subsequently acquired by the plaintiff.

SAME—DEFENSE AS BONA FIDE PURCHASER. In an action to establish a right of way by prescription across the lands of an adjoining owner, the defendants cannot claim as bona fide purchasers without notice of the easement, where the evidence warranted a finding that the roadway was well defined and apparent, nor where they had actual notice of it, and of plaintiff's claims thereto.

1Reported in 79 Pac. 794.

SAME—LOCATION OF ROADWAY—UNCERTAINTY IN DECREE—JUDG-MENT—DEPARTURE FROM PLEADINGS. In an action to establish a right of way by prescription across the lands of an adjoining owner, the judgment will be reversed and remanded for further evidence as to the location, where the description in the decree is uncertain and a departure from the pleadings, and testimony was not received with a view of locating the road with any degree of certainty.

SAME—WIDTH OF RIGHT OF WAY. A right of way by prescription is bounded by the line of reasonable enjoyment.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 2, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, establishing a prescriptive right of way. Modified.

The respondent moved to dismiss the appeal on the ground of insufficiency of the notice of appeal, which omitted the words, "to the supreme court."

*Geo. McKay,* for appellants.

*Frank S. Griffith,* for respondent.

RUDKIN, J.—The plaintiff is the owner of the northwest quarter of the northeast quarter of section 10, township 22, range 4. The defendants are the owners of the southeast quarter of the northeast quarter, and north half of the southwest quarter of the northeast quarter, of the same section. There is a public highway, known as the "Des Moines Road," running east and west through the center of said section 10. The land owned by the plaintiff is landlocked, and the only means of ingress and egress to and from said land is across the lands owned by the defendants, to the Des Moines road, a distance of about eighty rods. The plaintiff claims a roadway by prescription, across the lands of the defendants above described, and brings this action to establish said roadway, and to

enjoin the defendants from interfering with the use and enjoyment thereof. The plaintiff had judgment in the court below, and the defendants appeal therefrom. The motion to dismiss the appeal is denied, on the authority of *McConnell v. Kaufman,* 4 Wash. 229, 29 Pac. 1053.

While a great many errors are assigned in the appellants' brief, we think the only questions of any importance may be discussed under the following heads: (1) Has the respondent a roadway by prescription over the lands of the appellants? and (2), if so, is such roadway sufficiently described in the judgment of the court?

(1) The court below found in effect, that the land of the plaintiff is landlocked; that there is no means of ingress or egress to or from said land, except by a roadway running across the westerly side of the southeast quarter of the northeast quarter of said section 10; that said roadway has been used openly, notoriously, continuously, and adversely by the owners and occupants of the land now owned by the plaintiff, for a period of more than fifteen years, and the right to use said roadway over and across the lands now owned by the defendants has never been denied, but the same has been used with the knowledge of all persons who owned or occupied the lands of the defendants for said period of fifteen years or more, and said roadway has been for said length of time well defined, open, and apparent to all persons.

While there is decided conflict in the testimony as to the particular roadway actually traveled and used, this court would not be warranted in disturbing the finding of the court below in that regard, and, in all other respects, we think the finding is supported by the testimony. The witness Wilcoxen occupied the land now owned by the plaintiff from 1884 to 1898, and during all that period he used the roadway in question, and expended $100 in building the roadway, and keeping the same in repair.

This witness, and his successors in interest, used the roadway continually for nearly twenty years, without let or hindrance from any person, and, during all said time, expended more or less money in keeping the road in repair and fit for public travel. We think the testimony ample to establish a roadway by prescription, under the decisions of this court in *Wasmund v. Harm,* 36 Wash. 170, 78 Pac. 777, and *Seattle v. Smithers, ante* p. 119, 79 Pac. 615.

The appellants allege in their answer that the respondent in this action was the owner of the lands now owned by the appellants, on the 7th day of April, 1893, and, on that date, mortgaged said lands to one Magnus, without excepting or reserving any right of way; that said mortgage was thereafter foreclosed, and the property sold, and the defendants are now the owners of the same through mesne conveyances from the purchaser at the foreclosure sale. We do not see the materiality of this defense. The roadway in question was not owned by this respondent at the time said mortgage was executed, but was owned by the then owner of the respondent's land, and was appurtenant thereto. If the roadway by prescription was good as against the mortgagor, it was equally good as against the mortgagee, and the purchaser at the foreclosure sale acquired his title subject to the easement.

The appellants cannot claim to be *bona fide* purchasers without notice of the easement, for two reasons: (1) because the court found that the roadway was well defined, open, and apparent to all persons, and (2) because the court found that the appellants, at and prior to their purchase of the lands now owned by them, had actual notice of the existence of this roadway, and of the respondent's claim thereto, and these findings are supported by the testimony. There was no error in the ruling of the court that the respondent has a roadway by prescription across the lands of the appellants.

(2)   We think, however, the judgment will have to be reversed, on account of the uncertainty in the description of the roadway in the final decree. The complaint describes the roadway as running from the southeast corner of the respondent's land, across the west side of the southeast quarter of the northeast quarter of section 10. This description is uncertain in itself. We presume it was the intention of the pleader to locate the roadway on the west twenty feet of the southeast quarter of said northeast quarter; at least, it is so located in the plat in the respondent's brief. On the other hand, the findings of fact and decree describe the roadway as running from the southeast corner of the plaintiff's land, over and across the north half of the southwest quarter of the northeast quarter, and thence across the west side of the southeast quarter of the northeast quarter of section 10. The case does not seem to have been tried with a view of locating the roadway in question with any degree of certainty, and this court is unable, from the testimony, to correct the description, or remove the ambiguity which is apparent on the face of the record. The decree is certainly a departure from the complaint, and all the testimony seems to locate the roadway at some place along the westerly side of the southwest quarter of the northeast quarter of said section.

Complaint is also made that there was no testimony to support the finding that the roadway used was twenty feet in width. A right of way by grant, which is not limited in the grant itself, or a right of way by prescription, is bounded by the line of reasonable enjoyment. *Everett Water Co. v. Powers,* ante p. 143, 79 Pac. 617. When the case is remanded, the court below can ascertain and fix the width of the roadway, in accordance with the rule above announced.

The judgment is reversed, and the cause remanded with direction to the court below to enter a decree describ-

ing the roadway in question with common certainty, and fixing the width thereof, and to take further testimony to that end.

MOUNT, C. J., DUNBAR, FULLERTON, and HADLEY, JJ., concur.

ROOT and CROW, JJ., took no part.