[No. 37511. Department Two. October 28, 1965.]

TONY JENSEN, *Appellant*, v. DONALD W. ARNTZEN *et al.*, *Respondents.**

*Reported in 406 P.2d 954.

*Merges, Brain & Hilyer* (*Arthur D. Keil,* of counsel), for appellant.

*Geraghty, Lundin & Geraghty* and *George S. Lundin,* for respondents.

DONWORTH, J.—The plaintiff below appeals from a summary judgment dismissing his complaint with prejudice for failure to sue or join an indispensable (or at least a necessary) party. The suit was brought to recover the cost of repairs made to a motorboat by the Jensen Motor Boat Company pursuant to a contract for repairs.

The contract was made by Anchor Jensen, operator and manager of Jensen Motor Boat Company, and Donald Arntzen, who was then president and 50 per cent owner of the stock of Wayne Construction, Inc. The assignments of error of appellant Jensen Motor Boat Company raise one main issue on this appeal—whether the affidavits of the parties raised an issue of material fact as to either of two factual issues. These are:

(1) Whether the motorboat was owned by Arntzen or by Wayne Construction, Inc., and

(2) If the motorboat was owned by Wayne Construction, Inc., whether Anchor Jensen knew or should have known that Wayne Construction, Inc., owned the boat, and, if so, whether Anchor Jensen knew or should have known that Arntzen was acting for Wayne Construction, Inc., and not for himself, in ordering the repairs.

The facts about which there is no dispute are that Arntzen contracted with Jensen for the repair of the motorboat *Rebekka* with an estimated cost of $225. Arntzen later also contracted with Jensen for the repair of the motorboat *Sandy*, which was owned by the Alan Corporation. Arntzen was also president and 50 per cent shareholder of the Alan Corporation. The repairs on the *Sandy* were completed prior to the completion of the repairs of the *Rebekka*. During the interim *after* the repairs to the *Sandy* were completed, and prior to the completion of the repairs on the *Rebekka*, a billing for the repairs to the boat *Sandy* in the amount of $976. was sent to Arntzen at the Wayne Construction, Inc., address by Jensen Motor Boat Company. The bill was paid. Arntzen assumed that this bill covered the repair of both boats because he believed both repair jobs were finished, and the billing exceeded the estimated cost of the repair of both boats. Actually, the bill was for the repairs to the *Sandy* only.

About one year later, sometime after the completion of repairs of the *Rebekka*, another bill was sent to Arntzen at the Wayne Construction, Inc., address in the amount of $1,343.22, which bill Arntzen refused to pay in full. Arntzen offered to compromise by paying 50 per cent of the second bill ($672.71). Jensen refused this offer and counteroffered to settle for 75 per cent ($1,007.41). Arntzen refused to settle on this basis, and this suit was instituted.

Plaintiff's complaint named *only* Donald Arntzen and his wife as defendants. The answer of Arntzen was later amended to add the affirmative defense that he did not own the *Rebekka*, that Wayne Construction, Inc., owned the boat, and that he had acted only as agent for Wayne Construction, Inc., which had not been named as a defendant party. Plaintiff declined to add the Wayne Construction, Inc., as a defendant.

Arntzen's counsel then moved for summary judgment on the ground that Arntzen was not the owner of the boat and that Arntzen had acted only as agent for Wayne Construction, Inc. The affidavit in support of this motion was made by Arntzen. Two letters were attached to the affidavit and

incorporated by reference. One letter was written by Arntzen to Jensen, on Wayne Construction, Inc., letterhead offering the 50 per cent settlement. The other letter was from Jensen addressed to Arntzen, using the Wayne Construction, Inc., address, offering the 75 per cent settlement. Neither letter referred to the ownership of the boat.

Anchor Jensen's affidavit in opposition to the motion for summary judgment averred that both Jensen and Arntzen had discussed the boat repairs as if Arntzen were the owner of the *Rebekka,* that Jensen had believed that Arntzen owned the boat because of the way in which the matter was discussed, and because Arntzen used the boat for his personal pleasure, whereas Wayne Construction, Inc., did not use the boat. The Jensen affidavit averred that no evidence of boat ownership had been presented to him or in conjunction with the affidavit of Arntzen, such as a bill of sale, a boat registration, or other document, that Jensen had relied on Arntzen, as owner, to pay the bill, and that Wayne Construction, Inc., was no longer in existence. Jensen also averred that the billings were sent to the Wayne Construction, Inc., at the request of Arntzen, who asked to be billed at his business address.

At the hearing on the motion for summary judgment, there was "an exchange between the court and counsel for both parties," according to the narrative statement of facts. The *content* of this exchange is not recorded or otherwise reported. The court at this point indicated that it was satisfied that the affidavit of Anchor Jensen was not made in good faith and was presented solely for the purpose of delay. Counsel for plaintiff indicated that he wished to have the factual issues tried by the court, whereupon the trial court indicated (quoting from the narrative statement of facts)

> that inasmuch as it found the affidavit of plaintiff was made in bad faith and solely for the purpose of delay that it would deny the motion of summary judgment conditioned on terms that the plaintiff pay to defendants the sum of $500.00 attorneys fees required as reasonable expenses of defendants if the action proceeded to trial and resulted in a judgment in favor of defendants for failure

to bring the action against the proper owners of the boat, which was the subject matter of the repair bill in question.

Thereafter, the counsel for plaintiff refused to go to trial under this condition, and the court entered summary judgment for defendants Arntzen based on the ground that the boat was owned by Wayne Construction, Inc., which was not a party to the action.

There is no doubt that the affidavit of Anchor Jensen, in behalf of appellant, raises both the issues of material fact referred to above. First, it averred that so far as Mr. Jensen knew, based on his observations, the boat had been owned by Arntzen. The burden of proof was then on Arntzen. The letters attached to Arntzen's affidavit are *not conclusive* of ownership; indeed, they are *actually ambiguous* in this context of facts. This is a disputed question of material fact.

Second, the question of whether Mr. Jensen knew that Mr. Arntzen had acted as agent only, and not as principal, was raised by the affidavit. Therefore, at the time of the granting of the summary judgment, *two* issues of material fact existed.

The trial court, in its order of summary judgment dismissed the case on the basis that the boat was *in fact* owned by Wayne Construction, Inc. No reference is made to the second issue of fact. We have no way of knowing what the trial court thought about that factual issue.

The trial court erred in ordering summary judgment based on these affidavits because the statements contained in each are contradictory of those contained in the other. Thus, we are confronted (as was the trial court) with two issues of material fact. Under Rule of Pleading, Practice and Procedure 56 (c), a summary judgment could not be rendered.

The trial court dismissed the complaint because of plaintiff-appellant's refusal to join Wayne Construction, Inc., as a party defendant. If Wayne Construction, Inc., was not owner of the boat, then the appellant's refusal was completely warranted, because the company was not a proper party.

If the company was, in fact, owner of the boat, but Arntzen had not informed Jensen that the work was to be

done for the company and that Arntzen was acting *only* as agent, then appellant's refusal to join the company is still a matter within its own discretion. A plaintiff cannot be required to join a permissive party. The undisclosed principal is only a permissive party defendant when a plaintiff sues the agent who failed to disclose his agency position. There is no rule which requires a plaintiff to accept the *credit* of an undisclosed principal and to release the agent who appeared to be a principal. Under Rule of Pleading, Practice and Procedure 19(a) and (b), the dismissal can only be made for failure to join indispensable or necessary parties.

Respondent has not argued that appellant's supporting affidavit did not raise the issues discussed above. Instead, respondent has taken the position that appellant *cannot* take an appeal from the order granting summary judgment of dismissal, because the judgment was entered only after appellant's counsel had accepted the summary judgment rather than go to trial. The record shows that the trial court offered to deny summary judgment provided appellant would try the case under the condition that if, as a result of trial, appellant's case was dismissed because of the determination of the trial court that the boat was owned by Wayne Construction, Inc., then appellant would be required to pay to respondent $500 attorney fees for the trial. Respondent reasons that appellant's counsel made an election and consented to the entry of summary judgment rather than try the case under that condition.

■ We cannot agree. This was not an election, because there was no free choice. The trial court had given appellant's counsel the choice of *agreeing* to pay $500 attorney fees if he lost the issue of boat ownership at trial, otherwise the trial court would award summary judgment for the defendant. Appellant's counsel was already forewarned of the trial court's view of the boat ownership issue, and the court's disregard of the "knowledge of agent's capacity" issue. It would have been unwise for appellant's counsel to have accepted trial under that condition. Appellant's counsel did the only thing he could reasonably have done

under those circumstances—he declined to wager $500 of his client's money on the outcome of a disputed issue of fact, especially when the trial court had already intimated its opinion on the issue.

Respondent argues that the condition was appropriate and warranted under Rule of Pleading, Practice and Procedure 56 (g), and that, therefore, this appeal should not be allowed, because appellant's procedure amounts to an appeal of the validity of the condition. Furthermore, respondent argues that an award of an attorney's fee under Rule 56 (g) is an interlocutory order, and, therefore, not appealable. Neither argument has any merit separately or together.

The condition is not appropriate or warranted under Rule 56 (g). That rule reads:

(g) *Affidavits Made in Bad Faith.* Should it appear to the satisfaction of the court *at any time* that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court *shall forthwith order* the party employing them to pay to the other party *the amount of the reasonable expenses which the filing of the affidavits caused him to incur,* including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt. (Italics ours.)

First, we believe that the rule was intended to afford the trial court an opportunity to determine what the bad faith of one party or his counsel has already cost the opposing party up to and including the time (whenever this may occur) that the trial court determines that the affidavit was made in bad faith or for purposes of delay. As we construe it, Rule 56 (g) does not provide for the imposition of a risk of possible additional expenses on the party whose affidavit may raise an issue of material fact on its face, when the trial court, for reasons known only to it, *may believe that the affidavit was made in bad faith at some time prior to the determination of the truth or falsity of the fact averred.*

Second, the condition was not expressed in terms of Rule 56 (g). The condition which the trial court offered did not

include any consideration at the time the evidence was considered at trial, as to whether or not the affidavit had been made in bad faith, in the light of the evidence. Even if the question of ownership of the boat was a close question because of the lack of any conclusive evidence, the fact that appellant lost that issue, and lost the case because of it, was the only condition to be fulfilled in order for appellant to be liable for attorneys' fees.

Third, the condition made no reference to the second factual issue raised by the Jensen affidavit. Thus, if the boat ownership issue was lost, and the "knowledge of agent's capacity" issue was also lost, or the court believed for some reason that it was immaterial, then appellant would have been liable for attorneys' fees, even though the affidavit had raised an issue as to a material fact. The affidavit of Jensen contained averments which can fairly be summarized to say that if the boat was owned by Wayne Construction, Inc., then Jensen was misled by the appearances and statements of Arntzen. If the trial court's proposed condition was intended to eliminate the issue of boat ownership or to make the appellant pay the costs of respondent's proof, then some additional provision should have been made for this second fact issue to be tried. Instead, the trial court disregarded this issue, both in its condition and in its wording of the order of summary judgment dismissing the case.

Under these circumstances, it is not possible to hold that the condition was appropriate or warranted under Rule 56(g).

■ Respondent's argument above must be understood in the light of his statement that the award of attorney fees under Rule 56(g) in this case would have been interlocutory, and, therefore, not appealable. Such an award would be interlocutory only until the final judgment in the case, at which time the validity of any ruling could be challenged on appeal, if a proper objection to the court's rulings had been made. A trial court cannot simply award attorney fees under this rule without the party having an opportunity to challenge the ruling of the trial court at

some stage in the proceedings, if the aggrieved party feels the challenge is necessary. The trial court must make its determination of the bad faith of the party or counsel from things which appear sufficiently in the record for a review on appeal. In this instance, the record shows *nothing* to support such a ruling by the trial court.

The problem appellant would have faced on appeal after a trial is that it might later be argued that appellant had *agreed* to the imposition of attorney fees, especially since the condition was not worded precisely enough to have been applicable under Rule 56(g). In view of respondent's argument that appellant had consented to the summary judgment, we have no doubt that respondent would have also considered appellant's willingness to try the case under the trial court's proposed condition as the equivalent agreement to pay attorney fees if he lost the case on that issue, regardless of lack of bad faith shown in the record.

In view of the reasons given above, the trial court's order of summary judgment, including not only the dismissal but also its award of costs, is hereby vacated. The cause is hereby remanded to the trial court for further proceedings not inconsistent with this opinion.

The costs on this appeal shall abide the final determination of the cause as provided in Rule on Appeal 55(b)(1), RCW vol. 0.

ROSELLINI, C. J., FINLEY and WEAVER, JJ., and BARNETT, J. Pro Tem., concur.