[No. 8126–8–I.   Division One.   December 15, 1980.]

ROBERT B. SMITH, ET AL, *Respondents,* v. JOHN W. KING, *Appellant.*

*Joel D. Cunningham,* for appellant.

*Bruce D. Brunton,* for respondents.

CALLOW, C.J.—The defendant, King, appeals from a judgment establishing the location of an easement across the plaintiffs' real property. He asserts that the trial court erred in locating the easement.

When the plaintiffs, the Smiths, purchased their property from Arthur and Lillian Froland in 1954, the Frolands reserved the right to select the location of an easement over the Smiths' land. On June 2, 1977, after her husband's death, Mrs. Froland conveyed her property to King. Before doing so, her lawyer sent the Smiths' lawyer a quitclaim deed purporting to convey an easement to Mrs. Froland over the property. The Smiths signed and returned the document to Mrs. Froland's lawyer with the following addition:

> This document constitutes selection by LILLIAN FRO-LAND, as the surviving Grantor of that certain instrument dated February 27, 1954, and recorded under San Juan County Auditor's No. 44199 on March 12, 1954, of the location of the easement for road purposes reserved to her in that instrument.

The Smiths requested that the quitclaim deed be recorded together with the closing papers for Mrs. Froland's sale to King.

Mrs. Froland signed the deed on May 25, 1977, but did not inform the Smiths. Mrs. Froland's lawyer did not record the deed as requested, but mailed it to King in response to King's letter of May 25, which stated that he would not purchase Mrs. Froland's property if she had exchanged or released the floating easement. King nevertheless took possession of the property.

On May 13, 1978, King recorded a "Designation of Location of Road Easement Pursuant to Deed," purporting to locate the easement across the Smiths' property at a location different from that contained in the quitclaim deed signed by the Smiths and Mrs. Froland. King's action

prompted the Smiths to bring suit to quiet title. We affirm the trial court's holding that Mrs. Froland effectively had exercised her right under the 1954 deed to locate the easement before she conveyed her land to King, and that her designation of the location of the easement prevails over the designation by King.

■ The defendant–appellant King argues that Mrs. Froland did not exercise her right to locate the easement because she did not deliver the 1977 quitclaim deed to the Smiths after she signed it. We disagree. A deed is not required to *establish the actual location* of an easement, but is required to *convey* an easement, which is an interest in land within the meaning of RCW 64.04.010. *Ormiston v. Boast,* 68 Wn.2d 548, 550, 413 P.2d 969 (1966); *see Bakke v. Columbia Valley Lumber Co.,* 49 Wn.2d 165, 170, 298 P.2d 849 (1956). In *Rhoades v. Barnes,* 54 Wash. 145, 102 P. 884 (1909), the initial location of an easement under a grant from the dominant owner was held to prevail over an attempted relocation by the servient grantee. The decision states that when an easement is granted in general terms without specifying a definite location, the grantee does not acquire a right thereby to use the servient estate other than as first designated by the grantor and the location cannot be changed thereafter by the grantee. The trial court concluded that "[t]he reservations in the Froland to Smith deed of February 27, 1954 created an easement appurtenant to the property owned by Mrs. Froland." As observed in 2 G. Thompson, *Real Property* § 388, at 552 (1980), "[a] right–of–way not definitely located may be located by the parties by parol agreement anywhere within the boundaries of the land over which the right is granted . . ." The location of an easement may be established also by implication through customary use. 25 Am.Jur. 2d *Easements and Licenses* § 67 (1966). Mrs. Froland and the Smiths took the added precaution of fixing the location of the easement in writing, but this was not necessary. If no writing was required to fix the location of the easement, it follows that a deed was not required. The quitclaim deed was not

needed to reserve to Mrs. Froland what already had been reserved to her in 1954.

We need not reach the questions addressed in *Koepke Sayles & Co. v. Lustig,* 155 Wash. 70, 283 P. 458 (1929).

The judgment is affirmed.

JAMES and DORE, JJ., concur.

Reconsideration denied December 24, 1980.