[No. 12945-4-III.    Division Three.    April 7, 1994.]

C. HAROLD MIELKE, JR., ET AL, *Appellants*, v.
YELLOWSTONE PIPELINE COMPANY, *Respondent*.

*Richard W. Kuhling* and *Paine, Hamblen, Coffin, Brooke & Miller,* for appellants.

*C. Matthew Andersen* and *Winston & Cashatt,* for respondent.

MUNSON, J. — C. Harold Mielke and David L. Mielke, general partners of Mielke Farms, a limited partnership (Mielke), appeal the trial court's summary judgment dismissal of their trespass claim against Yellowstone Pipeline Company.

The following facts are not in dispute. In 1953, Mielke's predecessors granted Yellowstone a right of way easement for the construction of pipeline across the property now owned by Mielke. A standard printed form was used for the grant of the right of way. Under the terms of the form, Yellowstone was granted

> the right to lay, maintain, inspect, operate, protect, repair, replace and remove a pipe line for the transportation of liquids and/or gases, . . . together with the right of unimpaired access to said pipe line and right of ingress and egress on, over and through said land for any and all purposes necessary and incident to the exercise by said Grantee of the rights granted hereunder . . .
>
> . . . .
>
> Grantee shall have the right to change the size of its pipes, the damages, if any, in making such change to be paid by the said Grantee.

The preprinted form also contained the following language which had been crossed out on the grant to Yellowstone:

Grantors hereby grant unto said Grantee the right at any time or times to construct and operate an additional pipe line or pipe lines alongside of said first pipe line on, over and through said land . . .[.]

Neither the intended location of the pipeline nor the width of the easement was specified in the document, but Yellowstone installed a pipeline parallel to the 700-foot eastern border of the property, approximately 20 feet inside the property. The pipeline, originating in Montana, supplied the Spokane area with gasoline, diesel oil, and jet fuel. Yellowstone operated this pipeline until 1989 when, due to age and increased environmental concerns, several miles of the pipeline needed to be replaced, including the portion passing through Mielke's property.

Yellowstone filed affidavits stating the pipeline industry's customary method of replacing an oil pipeline is to lay the replacement pipeline parallel to the existing line while the original line remains in operation. The replacement pipeline must be placed far enough away to allow safe construction while the old pipeline remains in operation. When the new pipeline is placed in service, the old pipeline is then removed. Yellowstone also cited *Harris v. Phillips Pipe Line Co.*, 517 S.W.2d 361 (Tex. Civ. App. 1974) to show courts have recognized this industry custom. Yellowstone used this method here to replace its pipeline. However, due to the proximity of the Spokane River and a nearby street, Yellowstone contends the only practicable location for the new pipeline was approximately 10 feet to the west of the original pipeline, or further onto Mielke's property.

Mielke sued Yellowstone for trespass claiming the new pipeline was not within the right of way. Both parties moved for summary judgment on the above facts; the trial court denied Mielke's motion and granted summary judgment in favor of Yellowstone, dismissing the claim. Mielke now appeals.

Mielke contends the trial court erred in granting summary judgment because a question of material fact exists as to whether the new pipeline is within the scope of the 1953 right of way.

■ When reviewing an order granting summary judgment, we engage in the same inquiry under CR 56 as did the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982). Under RAP 9.12, we consider only the evidence and issues called to the attention of the trial court.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

Yellowstone contends the new pipeline is permissible as a "replacement" under the grant. Mielke contends the new pipeline is a "relocation" and exceeds the scope of the grant. The answer depends on the scope of the original easement.

■ An action for trespass exists when there is an intentional or negligent intrusion onto or into the property of another. Restatement (Second) of Torts §§ 158, 165, 166 (1965). This includes the misuse, overburdening or deviation from an existing easement. *See Hughes v. King Cy.*, 42 Wn. App. 776, 714 P.2d 316, *review denied*, 106 Wn.2d 1006 (1986); *Tatum v. R&R Cable, Inc.*, 30 Wn. App. 580, 636 P.2d 508 (1981), *review denied*, 97 Wn.2d 1007 (1982).

■ The grant of right of way in this case did not specify the location of the right of way nor state its width. Where the grant of an easement does not specify its location, Washington courts have long held the initial selection of a location fixes the location of the easement. *See, e.g., McCue v. Bellingham Bay Water Co.*, 5 Wash. 156, 31 P. 461 (1892); *Smith v. King*, 27 Wn. App. 869, 620 P.2d 542, 24 A.L.R.4th 1049 (1980). Yellowstone concedes the location of the right of way became fixed when the original pipeline was installed. Essentially it is the width of the right of way that is at issue. Even if the grant permits Yellowstone to replace

its pipeline, the replacement could not be located anywhere on the property, but must be within the scope of the easement established by the original pipeline. Where the grant of an easement does not state a width, our Supreme Court has stated "[a] right of way by grant, which is not limited in the grant itself, . . . is bounded by the line of reasonable enjoyment." *Van De Vanter v. Flaherty*, 37 Wash. 218, 222, 79 P. 794 (1905).

The "bounds of reasonable enjoyment" of the right of way present a material issue of fact. Summary judgment was improper.

Reversed.

THOMPSON, C.J., and SWEENEY, J., concur.

Review denied at 124 Wn.2d 1030 (1994).