Norbert SCHERGER, et al.,
Petitioners, Appellants,

v.

NORTHERN NATURAL GAS
COMPANY, Respondent.

No. CX–96–2319.

Court of Appeals of Minnesota.

April 22, 1997.

Review Granted June 27, 1997.

Kenneth R. Moen, Dunlap & Seeger, P.A., Rochester, for Appellants.

Thomas F. Hutchinson, Eastlund, Solstad & Hutchinson, Ltd., Minneapolis, for Respondent.

Considered and decided by DAVIES, P.J., and KALITOWSKI and MANSUR *, JJ.

## OPINION

DAVIES, Judge.

Appellant landowners challenge a summary judgment that respondent pipeline company may replace a gas pipeline on appellants' property without acquiring a new easement. We reverse and remand.

## FACTS

The following facts are undisputed. Appellants Norbert and Delores Scherger own a farm in Dodge County. Pursuant to an easement agreement entered into between the predecessors of both appellants and respondent Northern Natural Gas Company, a natural gas pipeline was built across the farm in 1932. In October 1995, respondent advised appellants that it would be replacing the existing pipeline. Appellants, asserting their rights under Minn.Stat. § 300.045, demanded from respondent a "definite and specific description" of the existing pipeline easement. Respondent replied that it would provide a description when work on the replacement pipeline was completed. The route of the replacement pipeline turned out to lie a distance of 50 to 297 feet from the original pipeline.

Appellants began an inverse condemnation action against respondent in February 1996. The district court denied appellants' motion for summary judgment to compel condemnation and granted respondent's motion for summary judgment. This appeal followed.

## ISSUES

I. Does respondent have the right under the terms of the easement agreement to replace the original pipeline with a new pipeline at a different location?

II. Does a demand under Minn.Stat. § 300.045 for a "definite and specific description" serve to confine respondent's easement to the "as built" route of the original pipeline?

## ANALYSIS

■ On appeal from summary judgments, this court's review is limited to two questions:

(1) whether there are any genuine issues of material fact and

(2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). An issue of fact is material if it would affect the outcome of the case. *Zappa v. Fahey,* 310 Minn. 555, 556, 245 N.W.2d 258, 259–60 (1976). "A reviewing court is not bound by a district court's determination of a purely legal issue." *Summit House Co. v. Gershman,* 502 N.W.2d 422, 423–24 (Minn. App.1993).

### I. The Easement

■ "The construction and effect of a contract are questions of law for the court." *Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn.1979).

The easement agreement entered into by appellants' and respondent's predecessors states that it grants

the RIGHT, PRIVILEGE and EASEMENT to construct, maintain and operate pipe lines, and appurtenances thereto, over and through the following described lands and appurtenances * * * *together with the right of ingress to and egress from said premises, for the purpose of* constructing, inspecting, repairing, maintaining and *replacing the property of the grantee located thereon,* or the removal thereof, in whole or in part, at the will of the grantee.

(Emphasis added.) In consideration of the grant, the grantee was to pay the grantor $.50 per lineal rod "when and as the location of [the] pipe lines * * * shall be established, surveyed and measured." The easement agreement did not specify the pipeline location or the easement width.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

On appeal, appellants argue that the easement agreement limits respondent to one pipeline location on the farm. They claim the construction of a second pipeline at a different route across the farm necessitates a negotiated purchase of a new easement agreement or commencement of condemnation proceedings. Respondent, on the other hand, argues that it is entitled under the easement agreement to install a *replacement* gas pipeline at any location on appellants' property.

Under the plain language of the easement agreement, respondent is entitled to replace the existing pipeline. At issue, however, is whether there is any limit on the location of a replacement pipeline, an issue of first impression in Minnesota.

In situations such as this, where the easement does not specify the right of way, courts in other jurisdictions have long held that once an easement has been "used," it becomes "fixed." *See Kleinheider v. Phillips Pipe Line Co.*, 528 F.2d 837, 842 n. 4 (8th Cir.1975) (prevailing law is that original pipeline set course of petroleum transmission system); *Bradley v. Arkansas La. Gas Co.*, 280 Ark. 492, 659 S.W.2d 180, 182 (1983) ("Undesignated grants of rights of way may be termed 'floating rights of way' until located and utilized but thereafter such easements become fixed."); *Colvin by Colvin v. Southern Cal. Edison Co.*, 194 Cal.App.3d 1306, 240 Cal.Rptr. 142, 146 (1987) (use of easement granted in general terms fixes location, nature, and extent of use); *Mielke v. Yellowstone Pipeline Co.*, 73 Wash.App. 621, 870 P.2d 1005, 1006 (1994) (when easement grant does not specify location, initial selection of location fixes easement location), *review denied* (Wash. Oct. 6, 1994).

Use of an easement does not, however, necessarily "fix" the easement to the precise width of the "as built" pipeline.

Every easement carries with it the right to do whatever is reasonably necessary for the full enjoyment of the easement itself. The extent to which such incidental rights may be exercised depends upon the object and purpose of the grant and whether such rights are limited by the terms of the grant creating the easement.

*Knox v. Pioneer Natural Gas Co.*, 321 S.W.2d 596, 601 (Tex.Civ.App.1959). Further:

It is often said that the parties are to be assumed to have had in contemplation such a scope for the created easement as would reasonably serve the purposes of the grant.

*Kleinheider*, 528 F.2d at 842 (quoting 3 *Powell on Real Property*, § 415 at 508); *see also Hoelscher v. Simmerock*, 921 S.W.2d 676, 679 (Mo.Ct.App.1996) (if exact easement location is not described, grantee is entitled to convenient, reasonable, and accessible use); *Colvin*, 240 Cal.Rptr. at 146 (easement granted in general terms entitles holder "to use such portion of the servient tenement as may be reasonably necessary for the purposes for which the easement was created").

In a case similar to the one at hand, a pipeline company obtained an easement giving it the right to lay, replace, and remove a gas pipeline across the grantor's property. *Mielke*, 870 P.2d at 1005. The granting document did not specify the intended location of the pipeline or the width of the easement. *Id.* Decades later, the pipeline company replaced the original pipeline by building a new pipeline 10 feet from and parallel to the existing pipeline. *Id.* at 1006. The landowners sued for trespass, claiming that the new pipeline was not within the right of way. *Id.* The Washington Court of Appeals, in reversing the trial court's dismissal by summary judgment, stated:

Even if the grant permits Yellowstone to replace its pipeline, the replacement could not be located anywhere on the property, but must be within the scope of the easement established by the original pipeline. Where the grant of an easement does not state a width * * * "[a] right of way by grant, which is not limited in the grant itself, * * * is bounded by the line of reasonable enjoyment."

*Id.* (quoting *Van De Vanter v. Flaherty*, 37 Wash. 218, 79 P. 794, 796 (1905)).

The reasoning of *Mielke* is applicable here. While the easement at issue grants respondent the right to replace the existing pipeline, we hold that the location of the

replacement pipeline must be within the scope of the easement as defined by construction of the original 1932 pipeline. It remains to be determined, therefore, whether the replacement pipeline is within the scope of the original easement because it is either within the "line of reasonable enjoyment" of the original easement, as stated in *Mielke*, or within "the minimum necessary for the safe conduct of [respondent's] business," the definition in Minn.Stat. § 300.045 (1996).

Because the trial court failed to address the motions for summary judgment in light of the rule stated in the previous paragraph, we reverse and remand. With the record as it is presented to us on appeal, we cannot rule on the issue of appellants' summary judgment motion.

## II. Minn.Stat. § 300.045

The construction of a statute is a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). Minn.Stat. § 300.045 provides in pertinent part:

> When public service corporations, including pipeline companies, acquire easements over private property by purchase, gift, or eminent domain proceedings, except temporary easements for construction, they must definitely and specifically describe the easement being acquired, and may not acquire an easement greater than the minimum necessary for the safe conduct of their business.
>
> \* \* \* \*
>
> When a question arises as to the location of an easement across specific property and the recorded description of the easement does not include a definite and specific description of the easement by a method identified [herein], the public service corporation holding the easement shall, upon written request by the specific property owner, produce and record in a timely

manner a definite and specific description using a method described [herein].

Appellants argue that Minn.Stat. § 300.045 required respondent, at appellants' request, to record a definite description of the original pipeline easement. In turn, respondent maintains that it has complied with appellants' request by recording a definite description of the easement for the *new* pipeline.

We decline to reach this issue for, even if Minn.Stat. § 300.045 requires what appellants ask, it is not helpful to them in this case. If respondent had immediately responded to appellants' request and recorded an easement description that encompassed only the original pipeline, respondent still had the right under the easement to replace that pipeline. The question would remain whether the replacement pipeline is located within the scope of that original easement. The route of that easement is, of course, fully subject to discovery.

## DECISION

Because the easement agreement does not specify its location, the initial selection of location fixed the easement. Although respondent has the right under the easement agreement to replace the existing pipeline, the location of the replacement pipeline is limited to the scope of the easement established by the pre-existing pipeline. Whether the replacement pipeline was constructed within the scope of the easement is a material issue of fact. We therefore reverse and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**