

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WENATCHEE RECLAMATION DISTRICT, AN RCW 87 IRRIGATION DISTRICT, | ) ) ) ) | No. 37399-1-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| DOUGLAS COUNTY, AN RCW 36 WASHINGTON COUNTY, | ) ) ) ) | |
| Appellant. | ) | |

KORSMO, J.P.T.[1] — Douglas County appeals from a summary judgment in favor

of the Wenatchee Reclamation District (WRD) that requires the County to restore a road

it had partially vacated. We affirm.

FACTS

This case involves competing easements—one ancient and one only slightly more

modern—involving a tract of land near East Wenatchee. The land currently is owned by

the Collins Family Trust (Collins); Collins is not a party to this action. The area in

---

[1] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

question involves some rugged landscape features including a sharp ridge line and a small steep-sided "canyon" according to the remarks of counsel. At issue is a small portion of the Access Road that connects Baker Avenue to the Canal Road running alongside an irrigation canal.

WRD's predecessor received easements in 1907 and 1912, while the County's interest dates from 1926. The two earlier easements granted the right to build the canal and a "right of way" for maintenance and repair of the canal. The scope of the right-of-way is not described and there is no specific land identified as constituting the easement other than granting

> a right-of-way across the Southeast quarter of Section 35 in Township 23 North of Range 20 E. W. M. in Douglas County, Washington.

Clerk's Papers (CP) at 495.

By deed, the County also obtained a right-of-way for a public road in the same general area in the following decade. In 2016, the County also acquired more land on the Collins property by quitclaim deed and returned the remainder of the road easement it had acquired in 1926. The 2016 deed included (in its Exhibit B) a notice that it was subject to WRD's easement "for lateral ditches and pipelines used in connection therewith." CP at 534.

Upon acquiring the land, the County sought to vacate its easement in the fall of 2016 in order to develop a storm water retention pond. A small portion of the Access

Road near Baker Avenue was posted from both directions with notice of the intent to vacate the land. The County also published notice in the newspaper. However, it did not specifically notify WRD of its intended action. The vacation was not contested and the Board of County Commissioners entered an order vacating the noted section of the Access Road on September 6, 2016. That section of the Access Road later was removed to create a storm water retention pond.

WRD employees returned to the area the following spring to learn they could no longer access Baker Avenue since the connecting portion of the Access Road had become a pond. WRD later filed this lawsuit, alleging that it owned and maintained the Access Road and asked that the court require the County to rebuild the connection or pay WRD the costs for doing so. The County answered the complaint, denied that WRD was an owner of the "driveway," agreed that the road had been in existence since at least 1930 and was used regularly by WRD, and asserted as an affirmative defense that WRD had failed to join a necessary party, Collins.

Eventually WRD moved for summary judgment, providing evidence that it had used the Access Road regularly for at least 100 years to bring in equipment to service the irrigation canal. The County argued that the only interest WRD had in the property was

the Canal Road alongside the irrigation canal, that it had given appropriate notice to vacate the road, and that Collins was a necessary party to the action.[2]

The trial court heard argument of the motion and granted WRD's request, reasoning that Collins was not a necessary party, WRD had not been given notice of the vacation, and that WRD had used the access road to maintain the canal. An order on summary judgment was entered. The County then timely appealed to this court.

ANALYSIS

The County argues that summary judgment was improper because proper notice was given to WRD, questions of fact precluded summary judgment, and that Collins was a necessary party to the action. We first consider the last argument before turning to the notice and summary judgment concerns.

*Necessary Party*

The County argues that Collins was a necessary party since it did not own the land in question. Although there are several circumstances in which Collins would have been a necessary party, the trial court granted relief on a narrow basis that did not implicate property ownership. Thus, Collins was not a necessary party.

---

[2] The County's geographic information coordinator, a professional surveyor, filed an affidavit indicating that he discovered the 1907 and 1912 conveyances in the "miscellaneous" filings books and that in 25 years he had never before discovered an easement that was not filed with the deed books. CP at 556.

4

CR 19 addresses joinder of parties. CR 19(a) describes those parties who should be joined, while CR 19(b) discusses what courts must do if it is not possible to join parties. The first of those rules states:

> (a) **Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and the person's joinder would render the venue of the action improper, the person shall be dismissed from the action.

Although a trial court's CR 19 decision is reviewed for abuse of discretion, dismissal under CR 12(b)(7) is a "drastic remedy" that "should be employed sparingly." *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn.2d 483, 494, 145 P.3d 1196 (2006). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). An indispensable party is one who is both necessary to the litigation in the sense that relief cannot be afforded without the party and it would be inequitable to proceed without the absent party. *Auto. United Trades Org. v. State*, 175 Wn.2d 214, 221-223, 235, 285 P.3d 52 (2012) (AUTO).

A plaintiff is not required to join additional parties whose presence would be permissive rather than essential to the litigation. *Jensen v. Arntzen*, 67 Wn.2d 202, 207, 406 P.2d 954 (1965) (undisclosed principal was not an indispensable party in suit against his agent).

CR 19(a) identifies two classes of parties that should be joined if feasible. The first class is a party whose presence is necessary to afford the existing parties complete relief. CR 19(a)(1). The other class is a party who "claims an interest" in the proceeding and either that party's interest might be adversely affected by the litigation or an existing party could be subject to inconsistent judgments if the party is not added. CR 19(a)(2).

Collins does not quite fit under either category. The complaint was fairly narrow, and the trial court's ruling similarly was narrow. WRD claimed its undisputed right-of-way easement had been exercised for around a century through use of the Access Road. While WRD's prescriptive easement argument would necessarily have implicated Collins' ownership interest in the property, the trial court did not reach that claim. Similarly, if WRD had pursued a claim of ownership of the land, Collins would have been a necessary party for the same reason.

But the ruling here was much narrower. WRD's undisputed right of access was interfered with by the County's actions. Collins was not a necessary party to the order to restore the access that historically had been used. While it is easily foreseeable that

6

development of the property will lead to a future conflict between Collins and WRD, the County's action is the sole concern at issue in this litigation.

The trial court correctly concluded that Collins was not a necessary party.

*Notice*

The trial court concluded that WRD was entitled to notice of the vacation of the Access Road. WRD concedes that the County complied with the notice provisions of the vacation statute, RCW 36.87.050, but argues that it was entitled to better notice given its interest in the land and its use of the Access Road. We agree.

Due process is a flexible concept that may vary with the interests that are at stake, but at its heart are the concepts of notice and the ability to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-314, 94 L. Ed. 865, 70 S. Ct. 652 (1950). The opportunity to be heard must be "appropriate to the nature of the case." *Id*. at 313.

WRD did not receive appropriate notice. Although the County undertook a title search, it is unclear if the County discovered the easements prior to beginning the vacation process. They were on file with the County and should have been discovered. More critically, the County knew that WRD had both a canal and the Canal Road on the opposite side of the property and, thus, some interest in the greater plot. Finally, the 2016 conveyance by Collins expressly noted that the deed for land near the Access Road was subject to an agreement with WRD. CP at 534. Although the extent of WRD's interest

was understated, it still served to alert the County that WRD might have an interest in the land nearer to the planned retention pond.

The County was on notice that WRD had an interest in the Collins property. We agree with the trial court that due process required notice specific to WRD. A simple letter would have sufficed. Under these circumstances, WRD was entitled to more than a road sign and notice in the legal paper of the county.

The trial court correctly ruled that WRD did not receive adequate notice of the road vacation.

*Summary Judgment*

Lastly, the County argues that unresolved questions of fact prevented summary judgment, pointing to the disputed scope of WRD's right-of-way. However, WRD established its legal right to access the property and its factual assertions of how it exercised that right were unrebutted. Summary judgment was proper.

Summary judgment rulings are reviewed de novo since an appellate court sits in the same position as the trial court. *Hubbard v. Spokane County*, 146 Wn.2d 699, 706-707, 50 P.3d 602 (2002). Summary judgment is proper when, after viewing the evidence in a light most favorable to the opposing party, there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Trimble v. Wash. State Univ.*, 140 Wn.2d 88, 93, 993 P.2d 259 (2000). All facts and reasonable inferences are construed in the light most favorable to the nonmoving party. *Id.* Summary judgment

8

should be granted if reasonable persons could reach but one conclusion based on all of the evidence. *Id*. We believe that to be the case here.

Vague or generally defined easements still are effective. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).[3] In that circumstance, the location or scope of the easement may be fixed by practice. *Id*.; *Rhoades v. Barnes*, 54 Wash. 145, 149, 102 P. 884 (1909) (citing *McCue v. Bellingham Bay Water Co.*, 5 Wash. 159, 31 P. 461 (1892)). In such instances, extrinsic evidence of practice is admissible to define the scope of the easement. *Sunnyside*, 149 Wn.2d at 880.

Here, the original 1907 easement expressly granted WRD's predecessor a right-of-way across the property, thus establishing the right to cross the land to service the canal. The legal existence of WRD's right of access was proved. The trial court properly recognized that right.

WRD also provided extrinsic evidence of its use of the property for over a century to service the canal, and provided evidence of its use of the Access Road in support of those activities for nearly a century. The County did not offer any evidence disputing the historic or current use of the road. Accordingly, the trial court could only reach one conclusion from those facts—WRD had used the road to exercise its easement and the

---

[3] Such easements are described as floating or roving easements. *Sunnyside*, 149 Wn.2d at 880.

9

County had interfered with the easement by creating the retention pond. Summary judgment properly was granted to WRD.

This case amounts to an unfortunate example of two ships crossing in the night blissfully unaware of the other's action. In light of Collins' plan to develop the remainder of the property, it behooves the parties and Collins to negotiate an alternative access for WRD. Perhaps an expansion of the Canal Road to permit the equipment to turn around and return via that road, topography permitting, is possible. Or maybe some other solution can be crafted that would not require removal of the retention pond and restoration of the Access Road. Since this case has the earmarks of future litigation, we encourage all concerned to see what can be done to avoid the time and expense of fighting.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.P.T.

WE CONCUR:

Fearing, J.

Pennell, C.J.

10